# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF VIRGINIA

CLERK'S OFFICE U.S. DISTRICT. COURT
AT ROANOKE, VA
FILED

MAY 11 2026

LAURA A AUSTIN, CLERK
BY: H. Beeson
DEPUTY CLERK

Jack Thomas, Jr.,
Plaintiff,

v.

Civil Case No.: 7:25-cv-00109
Judge C. Kailani Memmer

J. Adams, et. al.,
Defendants.

## PLAINTIFFS RESPONSE AND PARTIAL OPPOSITION TO DEFENDANTS MOTION TO SCHEDULE TRIAL (ECF 149)

COMES NOW Plaintiff, Jack Thomas, Jr., incarcerated and pro se, and timely files this response pursuant to the Federal Rules and Procedures governing this styled response.

## I. BACKGROUND

1. Plaintiff filed a 1983 civil suit on February 18, 2025.

2. On March 6, 2026 Plaintiff filed a Motion for Entry of a Rule 16 Scheduling Order.

1.

3. On April 30, 2026 Defendants filed a Motion to Schedule Trial. (ECF 149)

## II. ARGUMENT

### a. Plaintiff Objects To The Content Of Paragraphs 3 & 4 Of Defendants Motion To Schedule Trial

4. The characterization of Plaintiff filing unnecessary motions is false.

5. Defendants have strategically throughout this litigation resisted every attempt to provide Plaintiff with discovery, even down to the names of the John Doe Defendants in this case. Consequently, numerous motions were required to be filed up to this point in this case.[1]

6. Requiring the Plaintiff to state what motions he intends to file and pursue and provide a briefing schedule on the motions when the only pending motions at present is: 1) Motion for Spoliation (ECF 84) / Motion For Evidentiary Hearing for (ECF 84). (ECF102); 2) Motion for Spoliation (ECF113) / Motion For Evidentiary Hearing for (ECF113) (ECF114)[2]; and (ECF131 & ECF133) Motion For Issuance of Discovery "Subpoenas related to discovery... shows a clear bias by the Defendants and an attempt to stomp the Plaintiff who is incarcerated, pro se, and in no way can anticipate what motions will need to be filed when Plaintiff has no legal experience or idea what the Defendants will file that must be responded too.

---

[1]. Defendants by their own admission stated: "Admittedly, Plaintiffs initial pressure resulted in River North's locating video material previously lost,..." (ECF106 pg.3 par.2)

[2]. Any other outstanding ECF's on the docket are related to Plaintiffs Reply's and Rebuttals regarding the spoliation motions and a Deficiency Notice (ECF127) where Defendants are refusing to respond to Production of Documents (P.O.D's) request.

7. Consequently, Plaintiff should not be required to state what motions he intends to file or pursue. It is evident by the docket ALL presently pending motions are being pursued.

8. Neither should the Defendants be allowed to not respond to Plaintiffs Motions but rather waiting tactically until the Court says Defendants can respond to this motion or that motion. How convenient and disadvantagious would that be for the pro se prisoner Plaintiff litigating against the top attorneys of the state in the Attorney Generals Office. Consequently, Plaintiff objects to this prejudical tactic being employed by way of Court Order.

9. However, Plaintiff agrees to trial being set and the remainder of the scheduling Order in compliance with the Fed. R. Civ. P.

### III. CONCLUSION

WHEREFORE, Plaintiff Objects to the content of paragraph 3 & 4 in Defendants Motion but agrees to a date for trial and completion of discovery and other matters of litigation being scheduled.

Respectfully Submitted,

Jack Thomas, Jr
Jack Thomas, Jr

May 7, 2026
Date

3.

Jack Thomas, Jr. #1044009
VADOC Centralized Mail Distribution Center
3521 Woods Way
State Farm, VA 23160

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Response was placed in the prison mailbox to be mailed first class postage on May 7th, 2026 to: D. Patricia Wallace; Senior Assistant Attorney General; 202 North 9th Street; Richmond, VA 23219. And a copy to: The United States District Court; Western District of Virginia; 210 Franklin Road, SW, Suite 540; Roanoke, VA 24011-2208.

Jack Thomas, Jr.

A.